J-A14005-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BRADLEY GROSE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXSIS GOODALL | : | No. 2945 EDA 2025 |

Appeal from the Order Entered October 22, 2025
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2021-001311

BEFORE:  DUBOW, J., NICHOLS, J., and MURRAY, J.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED JULY 13, 2026**

Appellant Bradley Grose ("Father") appeals *pro se* from the October 22, 2025 order that denied his Emergency Motion to Vacate Jurisdictional Transfer Order and confirmed transfer of venue from Delaware County to Philadelphia County.  Upon review, we dismiss this appeal due to substantial defects in Father's brief.

A detailed factual and procedural history is unnecessary to our disposition.  Briefly, Father and Alexis Goodall ("Mother") are involved in a custody dispute over seven-year-old E.G. ("Child").  On October 18, 2024, after hearing evidence that Mother, Father, and Child have lived in Philadelphia for over six months and Child attends a Philadelphia public school, the trial court "ordered that the matter may be transferred or registered in Philadelphia County upon payment of transfer costs as determined by the

Delaware County Office of Judicial Support." Trial Ct. Op., 2/23/26, at 2.[1] The case remained in Delaware County. On June 25, 2025, Father filed an Emergency Motion to Vacate Jurisdictional Transfer Order. On July 8, 2025, the trial court entered an order that denied Father's motion to vacate as an emergency and scheduled a hearing. On October 21, 2025, after a hearing, the trial court denied Appellant's motion to vacate and ordered that venue is proper in Philadelphia County. This timely appeal followed.

As stated above, the brief that Appellant has submitted to this Court fails to conform to the basic requirements of appellate advocacy. It is axiomatic that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial. **Commonwealth v. Adams**, 882 A.2d 496, 497-98 (Pa. Super. 2005); Pa.R.A.P. 2101. Although this Court liberally construes materials filed by *pro se* litigants, this does not entitle a *pro se* litigant to any advantage based on his lack of legal training. **Satiro v. Maninno**, 237 A.3d 1145, 1151 (Pa. Super. 2020). An appellant's *pro se* status does not relieve him of the obligation to follow the Rules of Appellate Procedure. **Jiricko v. Geico Ins. Co.**, 947 A.2d 206, 213 n.11 (Pa. Super. 2008).

---

[1] The October 2, 2024 order does not appear in the certified record so we are constrained to rely on the trial court's explanation of the order.

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020) (citation and bracketed language omitted); *see* Pa.R.A.P. 2111 (listing briefing requirements for appellate briefs) and 2119 (listing argument requirements for appellate briefs). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." *Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). Rule 2119 clearly states that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c). As this Court has made clear, we "will not act as counsel[.]" *Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem [the] issue[s] to be waived." *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018).

Father's argument is substantially underdeveloped and fails to apply the law to the facts of this case in a meaningful and coherent manner as required by our Rules of Appellate Procedure and case law. Father baldly cites a handful of statutes throughout the brief, but he fails to provide any statutory language, context, or citation to the record. His failure to provide any legal framework or authority to develop and support the issues he raises on appeal not only

violates our briefing requirements, but more importantly, precludes this Court from effectuating meaningful appellate review. Accordingly, we are constrained to dismiss this appeal.[2]

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/13/2026

---

[2] In light of our disposition, the order transferring venue to Philadelphia County remains in effect. We urge the trial court to effectuate transfer of this case, including the certified record, to Philadelphia County as soon as possible to avoid further delay.